UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

009 JUL 17  A 11: 33

| | |
|---|---|
| STEPHEN STINTON,<br>COLBY STINTON,<br><br>  Plaintiff,<br><br>vs.<br><br>BRYAN C. MCCARTHY,<br>JOHN BELL<br><br>  Defendants. | COMPLAINT AND<br>JURY DEMAND |

09 CA 11207

MAGISTRATE JUDGE _____

## INTRODUCTION

This is a case sounding in tort. Plaintiff, Stephen Stinton, was in police custody after being arrested, when two Westport Police Officers attacked him with pepper spray and physically assaulted him, dislocating the cornea in his eye and causing the Plaintiff permanent injury.

## PARTIES

1. Plaintiff Stephen Stinton is an individual residing at 17 Crescent Road, Middletown, Rhode Island.

2. Plaintiff Colby Stinton is an individual residing at 17 Crescent Road, Middletown, Rhode Island.

3. Defendant Bryan C. McCarthy is an individual whose residence is unknown to Plaintiff. Mr. McCarthy is employed as a Westport Police Officer, with a business address of 818 Main Road, Westport, Massachusetts.

1

4. Defendant John Bell is an individual whose residence is unknown to Plaintiff. Mr. Bell is employed as a Westport Police Officer, with a business address of 818 Main Road, Westport, Massachusetts.

## JURISDICTIONAL STATEMENT

The complaint alleges violations of 42 U.S.C. § 1983. Thus there is "federal question jurisdiction" pursuant to 28 U.S.C. § 1331. Additional counts are joined per Rule 18 and the doctrine of pendant or supplemental jurisdiction United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## FACTS COMMON TO ALL COUNTS

1. On or about December 7, 2006, at 2:10 p.m., Plaintiff Stephen Stinton was arrested for driving under the influence and taken to the Westport Police Department for booking.

2. Plaintiff was handcuffed.

3. Upon arriving at the Westport Police Department, Defendant McCarthy removed the Plaintiff from the police vehicle and physically shoved the Plaintiff with both hands from the vehicle into the booking area.

4. Defendant McCarthy forcefully sat the Plaintiff on a wooden bench.

5. Shortly thereafter, the Plaintiff was grabbed by Defendant McCarthy and thrown to the floor. Defendant Bell used pepper spray on the Plaintiff while he was handcuffed and lying on the ground.

6. The Plaintiff immediately complained of extreme pain and difficulty breathing because of the pepper spray.

7. Defendant McCarthy then reached down and pulled the Plaintiff to a standing position and pushed him outside.

8. Defendant McCarthy struck the Plaintiff in the face severely injuring the Plaintiff's eye and cheek.

9. Defendant Bell observed that the Plaintiff required immediate medical attention.

10. Defendants McCarthy and Bell sprayed the Plaintiff with a garden hose attached to the outside of the building and transported to Charlton Memorial Hospital for medical treatment.

11. Since the incident, Plaintiff has suffered great pain, permanent injury and depression over losing part of his eye sight, and has been unable to perform various daily tasks due to his injury.

## COUNT ONE
## VIOLATION OF 42 U.S.C. §1983
## AGAINST DEFENDANT OFFICERS

12. Plaintiffs repeat and reassert the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

13. The unprovoked attack of Plaintiff by the individual officers constituted the use of excessive and unreasonable force in violation of Plaintiff's rights guaranteed by the United States Constitution including, but not limited to, the Fourth, Eighth and Fourteenth Amendments. When they attacked the Plaintiff the Officers intended to inflict, and did inflict, serious and permanent physical and emotional injuries to Plaintiff.

14. The complete indifference of the Defendant Officers to the health and well being of Plaintiff, demonstrated by abandoning him and failing to assist him or to immediately summon medical treatment after the attack deprived Plaintiff of his right to the security of his person and the right to liberty in violation of the United States Constitution including, but not limited to, the Fourth, Eighth and Fourteenth Amendments and in violation of the

provisions of 42 U.S.C. §1983.

15. The actions of defendant officers, in violation of Plaintiff's constitutional rights described above, were done maliciously, in bad faith, purposely and intentionally thereby entitling Plaintiff to punitive damages.

16. As on-duty Westport Police Officers the defendants were acting the color of law when they violated Plaintiff's constitutional rights in violation of 42 U.S.C. §1983

17. As the result of the actions of Defendant Officers in depriving Plaintiff of his constitutional rights in violation of 42 U.S.C. §1983, as described above, Plaintiff has sustained severe permanent personal and emotional injuries, has suffered great pain of body and mind, will continue to suffer great pain of body and mind, and has permanently lost the ability to live, enjoy and carry on with his life in the manner customary for him.

## COUNT TWO
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
## AGAINST DEFENDANT OFFICERS
## (MCRA)

18. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

19. By engaging in the conduct described above, including threats, intimidation and coercion, Defendant officers, in violation of Massachusetts General Laws Chapter 12, §11I, interfered with and deprived Plaintiff of his exercise and enjoyment of his civil rights secured under the laws of the Commonwealth of Massachusetts.

20. As a direct and proximate result of the Defendant's violations of M.G.L. c. 12, §11I, Plaintiff suffered the injuries described above.

## COUNT THREE
## BATTERY

21. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

22. Defendants intentionally, viciously and unlawfully attacked the plaintiff and used force upon him beyond any reasonably necessary to promote public order. Such use of force was unprivileged and unconsented. Said use of force greatly injuring the Plaintiff. The Defendants' unwanted and unprovoked attack constituted unlawful battery rendering them liable to Plaintiff.

23. As a direct and proximate result of the attack, Plaintiff sustained the injuries described above.

## COUNT FIVE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

25. When Defendants assaulted and attacked Plaintiff as described above, they intended to inflict emotional distress, or they knew or should have known that emotional distress was the likely result of their conduct.

26. The attack by the Defendants was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

27. The attack by the Defendant officers and consequent injury caused Plaintiff to sustain emotional distress so severe that no reasonable person could be expected to endure it.

28. As a result of the conduct of the Defendant officers, Plaintiff has suffered and is

continuing to suffer extreme emotional distress and anxiety.

29. The defendants breached the duty described in the paragraph above and otherwise breached any and all duties owed to the plaintiff.

30. Defendants' negligent breach of duty caused great damage to the plaintiff.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court:

1. Use its fullest equitable powers to order the individual Defendants:

    a. to use only reasonable force in the performance of their police duties;

    b. to intervene when excessive force is used by other police officers in the course of an arrest or incarceration;

    c. to report to superiors the use of, and injuries caused during the use of, excessive force;

    d. to write complete and truthful police reports;

    e. to summon medical attention when injury occurs as a result of force used by a police officer.

2. Order judgment in Plaintiffs favor in such amount as will fully compensate them for their losses to the greatest extent allowed by law.

3. Order such exemplary or punitive damages as are allowed by law to the greatest extent allowed by law, treble damages.

4. Order payment of interest, costs and attorneys fees including but not limited to such fees as may be assessed pursuant to 42 U.S.C. sec. 1983 and the MCRA. .

5. Order such further relief as this Court deems fair and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                                          RESPECTFULLY SUBMITTED,
                                          Plaintiff
                                          By their Attorneys

                                          Robert S. Sinsheimer, BBO# 464940
                                          Lauren Thomas, BBO# 667973
                                          Sinsheimer and Associates, LLP
                                          Four Longfellow Place, 35th Floor
                                          Boston, MA 02114
                                          617-722-9954

Dated: July 15, 2009