UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN STINTON and ) <br> COLBY STINTON, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> BRYAN C. MCCARTHY and ) <br> JOHN BELL, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO. 09-11207-JGD |

# MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

March 4, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

In this action plaintiffs, Stephen Stinton and Colby Stinton, claim that the defendants, Bryan C. McCarthy and John Bell, violated their constitutional and state law rights by attacking Stephen Stinton with pepper spray and physically assaulting him during the course of an arrest on December 7, 2006. The matter is presently before the court on "Defendants Bryan C. McCarthy and John Bell's Motion to Dismiss Plaintiffs' Complaint with Prejudice" (Docket No. 26), by which the defendants are seeking dismissal of the case with prejudice due to lack of prosecution. The plaintiffs have not opposed the motion. After consideration of the defendants' argument, and for all the

reasons detailed herein, the motion is ALLOWED IN PART and DENIED IN PART in that the action will be dismissed, but the dismissal shall be without prejudice.

## II. BACKGROUND

The plaintiffs filed their Complaint in this action on July 15, 2009. The case proceeded in the usual course, and as of a status conference held on October 6, 2010, both parties were in compliance with the court's scheduling orders and had attended all scheduled status conferences. (See, e.g., Docket Nos. 20 and 21). However, on October 28, 2010, plaintiffs' counsel filed a motion to withdraw as counsel on the basis of an "irretrievable breakdown" between the plaintiffs and their attorneys. (Docket No. 22). The plaintiffs did not oppose the motion and did not appear for a scheduled hearing on the motion, which took place on November 22, 2010. Counsel had been ordered to notify his clients of the hearing, and he advised the court that he had done so. (See Docket No. 25).

On November 22, 2010, this court issued an Order on Motion to Withdraw as Counsel ("Order") in which it allowed the motion to withdraw as counsel and ordered the plaintiffs to "obtain new counsel to represent them in this matter or file a notice of appearance to appear pro se" by January 3, 2011. (Docket No. 24). This court further ordered the parties to file, by January 17, 2011, a joint proposed schedule for the completion of discovery. (Id.). In addition, this court stated that if the plaintiffs failed to comply with their obligation to file an appearance, the defendants could "file an appropriate motion with the court seeking to dismiss this action." (Id.). Counsel was

ordered to notify the plaintiffs of the order. The plaintiffs did not meet the January 3 deadline, and the defendants filed the pending motion to dismiss on January 5, 2011. According to their certificate of service, the defendants mailed a copy of the motion to dismiss to the plaintiffs.

The plaintiffs have not opposed or otherwise responded to the motion to dismiss. Moreover, as of this date, the plaintiffs have not filed a notice of pro se appearance, and no counsel has filed an appearance on their behalf. Additionally, the plaintiffs failed to appear at a February 3, 2011 status conference which had been scheduled at the October 6, 2010 status conference. (See Docket No. 21). Because the plaintiffs have failed to make an appearance, comply with any of this court's orders, or otherwise attempt to pursue their lawsuit since October 2010, the matter has come to a complete halt.

### III. ANALYSIS

"[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs. The authority to order dismissal in appropriate cases is a necessary component of that capability." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002) (internal citation omitted). "Moreover, the inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders is reinforced and augmented by [Civil Procedure] Rule 41(b)." Id. That Rule authorizes

the district court to dismiss an action for failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to comply with court orders. See Fed. R. Civ. P. 41(b).[1]

Notwithstanding the court's authority, "dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). Moreover, "dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order." Id. Accordingly, "the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Id. Dismissal with prejudice "should be employed . . . only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007) (quotations and citation omitted).

This court concludes that dismissal is appropriate under the circumstances presented here. Although dismissal is ordinarily reserved as a sanction for extreme misconduct, "disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." Young, 330 F.3d at 81. In the instant case, the plaintiffs have failed to comply with this court's express order to

---

[1] Rule 41(b) provides as follows: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits."

file an appearance by January 3, 2011, even though they were warned that their failure to do so could ultimately result in the dismissal of their action. They also have failed to comply with this court's express order to file a joint proposed discovery schedule by January 17, 2011, and have ignored the October 6, 2010 Scheduling Order by failing to file a joint statement or to appear at the most recent scheduling conference. As a result of the plaintiffs' utter disregard of this court's orders and their failure even to appear in the litigation, the matter has come to a complete standstill. Moreover, at this time there is no prospect that the case will continue, much less reach resolution. Accordingly, this court finds that the plaintiffs' conduct is sufficiently extreme to warrant the dismissal of their complaint.

This court also finds that no sanction short of dismissal would be appropriate in this case. Without the plaintiffs' appearance in this matter, there simply is no means other than dismissal for resolving the parties' dispute. Furthermore, because the plaintiffs have failed to appear, no other sanction will appropriately address the disruption they have caused to the efficient management of the case. Consequently, the matter will be dismissed pursuant to Fed. R. Civ. P. 41(b).

Although dismissal is warranted, this court recognizes that the plaintiffs successfully prosecuted their case for over a year before their attorney withdrew, that the delay caused by plaintiffs' failure to prosecute has been relatively brief thus far, and that this court's Order did not specify that any dismissal would be with prejudice. See Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 49 (1st Cir. 2003) (finding that

dismissal with prejudice was not appropriate where, among other things, plaintiff prosecuted her claims diligently before firing her attorney, district court did not give plaintiff "fair warning of its inclination to employ so severe a sanction[,]" and plaintiff's failure to proceed with discovery only caused four month delay in litigation). Furthermore, the court has no explanation as to why the plaintiffs are not continuing this litigation. Given these circumstances, this court concludes that the dismissal in this case should be without prejudice.

## IV. CONCLUSION

For all the reasons detailed above, the "Defendants Bryan C. McCarthy and John Bell's Motion to Dismiss Plaintiffs' Complaint with Prejudice" (Docket No. 26) is ALLOWED IN PART and DENIED IN PART in that the action will be dismissed, but the dismissal shall be without prejudice.

    / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge